IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| MARK HOWARD PETERMAN and ) | Bankruptcy Case No. 05-15539 EEB |
| LUCILLE ANGELA PETERMAN, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |

**APPEARANCES:**

John Turner
COUNSEL FOR THE DEBTORS
303 S. Cascade Ave., Suite 101
Colorado Springs, CO 80903

Paul Gefreh
TRUSTEE
2125 N. Academy Blvd.
Colorado Springs, CO 80909

**ORDER**

THIS MATTER comes before the Court on the Trustee's Motion to Compel Debtors ("Motion") and the Debtors' Objection and supplemental brief. In his Motion, the Trustee seeks to compel the Debtors to allow inventory and appraisal of their household goods and jewelry. Underlying this dispute is the question of whether a trustee may seek to administer property claimed as exempt if the trustee does not timely object to the exemption, but the debtor has improperly valued the property in his list of exempt property. The Court, having reviewed the filings and being advised in the premises, FINDS and CONCLUDES as follows.

Bankruptcy Rule 4003 sets forth the procedure for claiming exemptions in property and for objecting to an asserted exemption. It places a burden on objectors to file an objection "within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment . . . is filed . . . ." Fed. R. Bankr. P. 4003(b)(1). In this case, the Debtors timely filed their list of exempt property, and no party in interest filed a timely objection.

On their Schedules, the Debtors claimed the following personal property as exempt:

| Description of Property | Exemption Statute | Value Claimed Exempt | Market Value Claimed |
|---|---|---|---|
| FURNITURE: 2 sofas, 2 loveseats, 3 chairs, recliner, 3 end tables, 3 beds, 3 dressers, 4 nightstands, 2 desks, entertainment center, kitchen table with chairs, --$2,000; APPLIANCES: refrigerator, microwave, washer, dryer, stove, dishwasher, 2 vacuums--$960; COOKWARE: 5 pots & pans, 8 dishes, 8-piece set silverware, 16 glasses, crockpot, blender, mixer, 8 pieces crystal, 8 pieces china--$200; LINENS: 10 sheets, 10 towels, 6 blankets, 6 comforters, 2 tablecloths–$50; LAWN & GARDEN EQUIPMENT: lawnmower, 3 shovels, 2 rakes, barbeque grill, patio table with chairs--$201; TOOLS: 4 screwdrivers, 3 wrenches, saw, 2 hammers, 2 pair of pliers, 4 flashlights--$54; 8 lamps, rug, 4 suitcases, 2 board games--$255; 3 TV's--$600; VCR--$10; Boombox--$20; 2 CD players--$30; 2 DVD players--$100; Computer, monitor, printer, FAX, scanner--$500; Misc.--$50 | Colo. Rev. Stat. § 13-54-102(1)(e) | $ 5,030 | $ 5,030 |
| 10 CD's--$50; 5 DVD's--$80 | Colo. Rev. Stat. § 13-54-102(1)(c) | $ 130 | $ 130 |
| BOOKS: 10 paperback books--$50; PICTURES: 3 pictures, 2 posters--$50 | Colo. Rev. Stat. § 13-54-102(1)(c) | $ 100 | $ 100 |
| Clothing | Colo. Rev. Stat. § 13-54-102(1)(a) | $ 500 | $ 500 |
| JEWELRY: 2 wedding rings, 6 pair of earrings, 6 necklaces, 2 bracelets, 2 watches, ring | Colo. Rev. Stat. § 13-54-102(1)(b) | $ 360 | $ 360 |
| Camera--$25; Gazelle--$75 | Colo. Rev. Stat. § 13-54-102(1)(e) | $ 100 | $ 100 |

The Debtors completed their required § 341 meeting of creditors on May 13, 2005. The following day, the Trustee sent a letter to the Debtors' attorney requesting that they allow his appraiser to inventory and appraise the Debtors' household goods and jewelry. According to the Trustee, he was concerned that the Debtors' personal property, claimed as exempt, may be undervalued, because the amount and value of the Debtors' personal property did not seem to correspond to the size and value of the Debtors' home. The 30-day deadline to object to the Debtors' exemptions expired on June 13, 2005. But neither the Trustee nor any other party filed an objection or sought an extension of time to do so.

2

On December 1, 2005, the Trustee filed the present Motion, representing that the Trustee's appraiser, Holt & Associates, has not received cooperation from the Debtors in regard to an inspection and appraisal. The Trustee requested an order directing the Debtors to cooperate. The Debtors objected, asserting a Fourth Amendment right to be free from unreasonable searches and seizures.

At a hearing on the Motion, the Court raised the question of whether the expiration of the 30-day deadline set by Rule 4003 prevented the Trustee from raising a challenge to the Debtors' exemptions. *See Taylor v. Freeland & Kronz (In re Davis)*, 503 U.S. 638 (1992) (a trustee who does not timely file an objection to a debtor's exemption is barred from later asserting that the exemption is improperly claimed). The Trustee argued that *Taylor* applies to bar only an objection to the validity of an exemption, not an objection to the valuation of the exemption, relying on *In re Shelby*, 232 B.R. 746 (Bankr. W.D. Mo. 1999). The Debtors filed a brief distinguishing *Shelby*. The parties have not offered, nor has this Court found, any applicable Tenth Circuit precedent.

The Court has reviewed *Shelby* and the cases discussed therein. These cases rely on a decision from the Ninth Circuit Bankruptcy Appellate Panel ("BAP"), *In re Hyman*, 123 B.R. 342 (9th Cir. BAP 1991) ("*Hyman I*"), *aff'd*, 967 F.2d 1316 (9th Cir. 1992) ("*Hyman II*"). In *Hyman I*, the BAP recognized a "distinction between an objection to the existence of an exemption and an objection to the valuation of the property in which debtors claim an exemption," and held that "[o]nly the former objection must be made within the Bankruptcy Rule 4003(b) 30-day period following the meeting of creditors." *Id.* at 348. On appeal, in *Hyman II*, the Ninth Circuit affirmed on different grounds, without discussing *Hyman I*'s distinction between an objection to an exemption's existence and an objection to an exemption's valuation.

After *Hyman I* was decided, the Supreme Court in *Taylor* held that a trustee could not contest a claimed exemption after the 30-day period for objecting to exemptions had expired, even though the debtor had no colorable basis for claiming the exemption. *Taylor*, 503 U.S. at 643-44. Following *Taylor*, some courts have continued to apply the distinction between validity objections and valuation objections recognized in *Hyman I*. *See, e.g., Shelby*, 232 B.R. at 756 (and cases cited therein). Other courts find that this distinction violates the principle of finality announced in *Taylor*. As the Third Circuit held:

> [W]here there is a date when the parties' rights can be finally determined-in this case, thirty days after the creditors' meeting if no objection is filed-the parties can proceed from that date knowing which property is property of the estate and which property belongs to the debtor. The debtor from that day forward can treat exempted property as his or her own and is not forced to wait until some unknown future date when the trustee or another party in interest might haul the debtor into court seeking that property.

*Taylor v. Freeland & Kronz (In re Davis)*, 938 F.2d 420, 425 (3rd Cir. 1991), *aff'd*, 503 U.S. 638 (1992).

The Ninth Circuit BAP has itself reconsidered the distinction:

3

> Given *Taylor*, a distinction can no longer be drawn between objecting to an exemption itself and objecting to the value of property subject to an exemption. All objections to exemptions are subject to Rule 4003(b). *Taylor* made it clear that the purpose for the short objection period in Rule 4003(b) is to encourage finality. *See Taylor*, 503 U.S. at 644, 112 S.Ct. 1644. Allowing a trustee to distinguish between an objection to an exemption itself and the value of the property subject to that exemption does not promote finality.

*In re Morgan-Busby*, 272 B.R. 257, 265 (9th Cir. BAP 2002). The continued existence of the distinction recognized in *Hyman I* and as applied in *Shelby* is, therefore, questionable.

In some cases, courts have held that a trustee who does not timely object to a debtor's exemption in property may nevertheless sell the property as part of his administration of the debtor's estate. But in those cases, the debtor's schedules indicated that only part of the property was claimed as exempt. For example, in *Hyman*, the debtors claimed an exemption in their home. They listed the value of the home as $415,000, subject to encumbrances of $347,611. The amount of equity in the home, according to the debtors' schedules, was $67,389. The debtors claimed an exemption of $45,000, which was the maximum statutory amount. The *Hyman II* court recognized that the trustee could administer the non-exempt property by selling the home. *Hyman II*, 967 F.2d at 1320.

*Hyman II* does not apply in a case such as this, where the Debtors listed specific values of their personal property, and the value of the property and the value of the exemption claimed were the same. As *Collier* notes:

> Normally, if the debtor lists property as exempt, that listing is interpreted as a claim for exemption of the debtor's entire interest in the property, and the debtor's valuation of that interest is treated as the amount of the exemption claimed. Were it otherwise----that is, if the listing were construed to claim as exempt only that portion of the property having the value stated----the provisions finalizing exemptions if no objections are filed would be rendered meaningless. The trustee or creditors could always claim that the debtor's interest in the property was greater than the value claimed as exempt and effectively still object to the debtor exempting his or her entire interest in the property after the deadline for objections had passed.
>
> [T]he Court of Appeals for the Ninth Circuit, in [*Hyman II*], held that when a debtor couple claimed a homestead exemption and listed a value on their exemption schedule of $45,000, the schedule had to be construed against the debtors as exempting only that portion of the homestead worth $45,000. The debtors in the case had listed the value of the property as $415,000 and scheduled encumbrances in the amount of $347,611. Therefore, they could not argue that they had exempted their entire interest in the property and the implication of their schedules was that they had not. Had the debtors' schedule of assets listed the value of their interest as the same amount as was claimed as exempt, they would have had a very strong argument that the schedules indicated their intention to exempt the entire value of their interest and the result would presumably have been different.

4

9 *Collier on Bankruptcy* ¶ 4003.02[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006) (footnote omitted); *See also In re Zupansic*, 259 B.R. 388, 390 (M.D. Fla. 2001) ("[C]onsistent with the holdings in [*Allen v. Green (In re Green)*, 31 F.3d 1098 (11th Cir. 1994)] and *Taylor*, a Trustee can be time barred from contesting the value of property listed as exempt pursuant to Rule 4003. However, after a careful reading of *Green* and *Taylor*, the Court concludes that a Trustee is barred from challenging the value of property claimed exempt only when the listed exemption equals the stated value of property, which would effectively render the entire asset exempt."), *aff'd without published opinion*, 273 F.3d 399 (11th Cir. 2001).

The Court concludes that the Trustee's attempt to obtain an appraisal of the Debtors' exempt property is an attempt to challenge the Debtors' exemptions, and that such a challenge – filed almost six months after the expiration of the objection period established by Rule 4003 – is time-barred. *See Taylor*, 503 U.S. at 643-44; *In re Wiesner*, 39 B.R. 963 (Bankr. W.D. Wisc. 1984) (denying trustee's motion for appraisal as untimely objection to debtor's exemption); *In re Walsh*, 5 B.R. 239 (Bankr. D. D.C. 1980) (same). As the Supreme Court stated in *Taylor*:

> Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality. In this case . . . [the trustee] did not object to the claimed exemption. If [the trustee] did not know the value of the [claimed exemption], he could have sought a hearing on the issue, *see* Rule 4003(c), or he could have asked the Bankruptcy Court for an extension of time to object, *see* Rule 4003(b). Having done neither, [the trustee] cannot now seek to deprive [the debtor] of the exemption.

503 U.S. at 644. Similarly, in this case, to the extent the Trustee believed that the Debtors improperly valued their exempt property and an appraisal was warranted, he could have sought an extension of time in which to object to the exemptions.

> Rule 4003(b) is not complicated. It provides two options to a party in interest contemplating an objection to a debtor's claim of exemptions. A party in interest can file either an exemption objection within thirty days after the conclusion of the § 341(a) meeting of creditors, or it can file a request for an extension of the objection period before the expiration of that period. Therefore, when a trustee is placed in a position in which an evaluation of the legitimacy of a particular exemption claim is somehow hampered, Rule 4003(b) does not compel a futile action. It authorizes a request for an extension of the objection period.

*In re Harrington*, 306 B.R. 172, 179-80 (Bankr. E.D. Tex. 2003) (footnote omitted). Because the Trustee neither sought an extension of time in which to file, nor timely filed an objection to the Debtors' exemptions, he may not now challenge the Debtors' exemptions.

The personal property listed on the Debtors' schedules is exempt, and the Trustee's Motion requesting an inspection and appraisal of that property will be denied. Given the Court's analysis, it is unnecessary to address the Debtors' Fourth Amendment argument.

5

Accordingly, it is HEREBY ORDERED that the Motion is DENIED.

Dated this 28th day of August, 2006.

                                              BY THE COURT:

                                              Elizabeth E. Brown
                                              United States Bankruptcy Judge